[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was tried to the court under the allegations of a revised complaint dated June 16, 1989 in which the plaintiffs, James and Dolores Fortuna, have complained that the City of Middletown has failed to follow he mandate of the city charter or law in the naming procedure for a street newly constructed, now known as DeKoven Drive, Middletown, Connecticut. The portion of said DeKoven Drive in question is the portion located north of the intersection of it with Washington Street and terminating at its northerly end where said street becomes known as Rapallo Avenue. The public highway previous servicing this area of Middletown was known for a long time as Cherry Street. Prior to 1984 by virtue of a Public Works project undertaken said Cherry Street was physically uprooted and factually abandoned, and said Cherry Street; in its prior location was legally abandoned by due action of the Public Works Department and/or Common Council of the City of Middletown.
The plaintiffs in their complaint also made allegations based upon claims of fraud and/or violation of constitutional rights. As a result of the production of evidence and a critical review of the law by the plaintiffs, they have abandoned, during the trial, any claims concerning constitutional violations upon the realization and accession to the principal that they do not have any property right in and to a name of a street or highway in the municipality in which they live. Also counsel for the plaintiff has conceded that there is no basis to substantiate any positive findings of the court in connection with any fraud or quasi fraud allegations contained in their complaint.
Further this court does not conclude that the named plaintiff, James Fortuna, is an improper plaintiff herein, even in view of the legal ownership of said property being in the co-plaintiff Dolores Fortuna. The court concludes that at the very least James Fortuna has equitable standing to pursue this claim.
Generically, the historical origins of this dispute is that said old Cherry Street, in its location CT Page 3465 wherein the plaintiffs have had lived for some 50 odd years prior to its destruction, was in fact abandoned by the City. When the new replacement street was established, pursuant to the charter the Public Works Commission held a hearing at which the plaintiffs attended and recommended pursuant to the City charter that the new street be named Cherry Street. The Common Council at a subsequent session so decided and established the name of said new street as Cherry Street. Shortly thereafter, the Public Works Commission, as testified to by its then and now chairman Emanuel Pattavina, concluded for reasons of safety and municipal convenience and access by police and fire departments, the named foresaid street would better be DeKoven Drive, since it was an extension and in line with a previously existing highway to the south of the intersection of Washington Street that had long been established as DeKoven Drive. Accordingly, said report was made to the Common Council and at a subsequent session, the Common Council, by addition of an item to its agenda, adopted a resolution redesignating the name of said street as DeKoven Drive.
It is argued by the plaintiff that the original designation of the name Cherry Street to the street in question was done by ordinance of the Common Council on February 4, 1985. This court finds that by virtue of a resolution and passed by the Common Council on February 4, 1985 the subject street was named by virtue of a resolution as follows:
 Resolve, by the Common Council of the City of Middletown, upon recommendation of the Public Works Commission, the street named, Cherry Street, shall be given to that portion of DeKoven Drive between Washington Street and Ferry Street and that the street named, Rapallo Avenue be given to the remaining portion of DeKoven Drive between Ferry Street and the existing Rapallo Avenue.
This item appears as agenda item 9-16 in exhibit. E. This was the first and only formal action of the City Council so designating the name of said street as Cherry Street. The court further finds that there is no requirement at law or under the city charter that public notice be given of the passage of any resolution including this resolution.
The court further finds that on April 1, 1985, the Common Council duly adopted resolution 9-23 as follows CT Page 3466
 Be it resolved by the Common Council of the City of Middletown:, upon recommendation of the Public Works Commission the street name DeKoven Drive shall be given to that street between Washington Street and the existing Rapallo Avenue.
The subject matter of this resolution had been approved at a Public Works Commission hearing on March 19, 1985.
The court further finds that there is no requirement at law or under the provisions of the charter that public notice be given of the adoption of said resolution in order to make either it or its predecessor resolution effective at law.
Accordingly, the court finds upon review of the evidence and the testimony of the parties that the Common Council pursuant to the provisions of its charter has duly established the legal name for said highway as DeKoven Drive.
Since the plaintiff saver that they have never been officially notified of said name change, it is suggested but not ordered the the City of Middletown consider affording and forwarding to these plaintiffs official notification of the name of the street upon which they live and the designation of their proper and/or appropriate address pursuant to prior action of the municipality.
It is so ordered.
HIGGINS, J.
Judgment entered in accordance with foregoing memorandum of decision.
Michael Kokoszka, Chief Clerk